UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

RICHARD DICKSON #589943     CIVIL ACTION NO. 19-cv-705 SEC P

VERSUS     JUDGE ELIZABETH E. FOOTE

JAMES M LEBLANC ET AL     MAGISTRATE JUDGE HORNSBY

# REPORT AND RECOMMENDATION

Richard Dickson ("Plaintiff"), who is self-represented, filed this civil rights action against prison officials at the David Wade Correctional Center based on allegations that he was discriminated against based on the practice of his Rastafarian religion and his dreadlocks. Plaintiff has failed to keep the court informed of his current address or comply with a court order. For the reasons that follow, it is recommended that this civil action be dismissed without prejudice for failure to prosecute.

The court issued an order (Doc. 11) early in the case that directed Plaintiff to provide summons forms and completed service papers so that the marshal could attempt service on the defendants. The order included a command that: "All parties shall have the responsibility of promptly reporting to the court and to all other parties any change in the mailing address." The parties were warned that: "Failure to do so shall be considered grounds for dismissal or other appropriate sanctions." The order is consistent with the command of Local Rule 11.1 that: "Each attorney and pro se litigant has a continuing obligation to apprise the court in writing of any address change." See also Local Rule 41.3

(authorizing dismissal when notices are returned for reason of an incorrect address and no correction is made within 30 days).

The marshal was unable to attempt service because Plaintiff, who paid his filing fee in full and is not proceeding as a pauper, had not paid the marshal's fees required for service. The marshal reported that a letter was sent to Plaintiff requesting payment, but the letter was returned due to an incorrect address. The marshal saw that Plaintiff had moved to another facility, so another letter was sent to the new address, but it was also returned. Plaintiff has notified the court of address changes three times during the course of the case. Docs. 9, 10, & 16.

The court entered a memorandum order (Doc. 17) that instructed: "If Plaintiff is still interested in pursuing this matter, he must file written confirmation of his current address no later than June 12, 2020. If Plaintiff confirms a correct address, it will be provided to the marshal so that Plaintiff may be contacted regarding payment of service fees. If the court does not hear from Plaintiff by the deadline, the case will be subject to dismissal for failure to prosecute." That deadline has passed, and the court has not received any correspondence or filing from Plaintiff.

Where a litigant has been warned that dismissal may result from a failure to notify the district court of an address change, the failure to do so, beyond being in violation of a court order, "may be considered by the district court as ... cause for dismissal for failure to prosecute." Lewis v. Hardy, 248 Fed.Appx. 589, 593 n.1 (5th Cir. 2007). The court is unsure of Plaintiff's current address, as he has failed to keep the court apprised of it as required by the court's order and local rule. And Plaintiff has not takedn steps needed to

gain service of this complaint on the defendants. Perhaps Plaintiff has lost interest in the case or has merely been negligent in looking after his affairs. In any event, the court need not expend resources on a case in which it has no means of contacting the plaintiff or obtaining the plaintiff's participation in the litigation. Dismissal without prejudice for failure to prosecute is warranted. <u>Honore v. Christian</u>, 2005 WL 1330152, *3 (W.D. La. 2005); <u>St. Juniors v. Burgess</u>, 2016 WL 4368230 (E.D. La. 2016).

Accordingly,

It is recommended that this civil action be dismissed without prejudice for failure to prosecute.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. <u>See Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 20th day of July, 2020.

Mark L. Hornsby
U.S. Magistrate Judge